Dear Mr. Ledet:
You have asked this office to advise if a member of the Jefferson Parish School Board may at the same time serve as the municipal attorney for the City of Gretna.[1]
The answer to your question is governed by the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq. This law sets forth certain prohibited combinations of "appointive office", "elective office", and "employment" as those terms are defined by the dual officeholding provisions.
La.R.S. 42:62(1) defines "elective office" to mean the following:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
La.R.S. 42:62(2) defines "appointive office" to mean the following:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. *Page 2 
A school board member holds elective office under La. 42:62(1), while the position of municipal attorney for the City of Gretna is considered an appointive office under La.R.S. 42:62(2). The position of municipal attorney is an "appointive office" because this position is "specifically established...by the... laws of this state...which is filled by appointment...by an elected or appointed public official or by a governmental body of such officials...of a political subdivision thereof." The law establishing the position of municipal attorney in a Lawrason Act municipality is La.R.S. 33:386(C), providing:
C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by La.R.S. 33:381 (A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
The prohibition of the dual officeholding law applicable in this matter is La.R.S. 42:63(D), providing in pertinent part:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or fulltime appointive office in the government of this state or in the government of a political subdivision thereof...
[Emphasis added].
While R.S. 42:63(D) prohibits an elected official from also holding full-time appointive office, the statute does not prohibit an elected official from holding part-time appointive office, as those terms are defined by R.S. 42:62(4) and (5):
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the hours of work defined in this Section as fulltime.
It is the opinion of this office that an elected member of the Jefferson Parish School Board may at the same time hold the appointive office of municipal *Page 3 
attorney for the City of Gretna, if the latter position is held on a part-time basis as defined by La.R.S. 42:62(5).
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] The City of Gretna is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq.